**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Wesley Chisolm, ) | |
| ) | Case No.: 9:00-cr-263-PMD-17 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Wesley Chisolm has filed a *pro se* motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 (ECF No. 1276). The United States ("Government") has filed a motion to dismiss (ECF No. 1291). For the reasons stated herein, the Court grants the Government's motion.

**BACKGROUND**

In 2001, Chisolm pled guilty to conspiracy to distribute more than fifty grams of crack cocaine. When Chisolm pled guilty, his criminal history included prior convictions in South Carolina state court for possession with intent to distribute cocaine and distribution of crack. Due to those convictions, the Court treated him as a career offender under the United States Sentencing Guidelines, *see* U.S.S.G. § 4B1.1, and sentenced him to 292 months in prison. Chisolm did not appeal.[1]

Chisolm filed his § 2255 motion in June 2016. The Government responded by filing its motion to dismiss. Chisolm then filed a response to the Government's motion. Accordingly, this matter is now ripe for consideration.

---

1. In 2008, Chisolm sought a thirty-month reduction in his prison sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. With the Government's consent, the Court granted the reduction.

## APPLICABLE LAW

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In conducting its review, this Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Chisolm raises three claims: (1) his career-offender designation is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015); (2) his plea counsel provided ineffective assistance; and (3) this Court improperly treated the Sentencing Guidelines as mandatory. The Government argues the first claim is without merit and the latter two claims are untimely. For the following reasons, the Court agrees with the Government.

### I.     *Johnson* Claim

Under the Sentencing Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  Focusing solely on the third element, Chisolm argues that under *Johnson*, his career-offender designation is void.  *Johnson* dealt with a provision of the Armed Career Criminal Act ("ACCA") that provides enhanced sentences for defendants with three or more prior convictions for "violent felon[ies] or serious drug offense[s]."  18 U.S.C. § 924(e)(1).  The Supreme Court held that part of the ACCA's definition of "violent felony" is void for vagueness.  135 S. Ct. at 2563.

The ACCA defines "violent felony" using language nearly identical to the Guidelines' definition of "crime of violence."  *Compare* 18 U.S.C. § 924(e)(2)(B) *with* U.S.S.G. § 4B1.2(a).  Chisolm argues that this Court relied on § 4B1.2(a)'s definition of "crime of violence" to designate him as a career offender, that *Johnson* applies to § 4B1.2(a), and that his sentence is therefore void.  Chisolm's first premise is mistaken: this Court designated him a career offender because he had two controlled substance offense convictions, not because he had any convictions for crimes of violence.  Consequently, whatever affect *Johnson* may have on U.S.S.G. § 4B1.2(a), it cannot provide him any relief.  The Court therefore rejects Chisolm's first claim.

### II.    Other Claims

Apparently relying on *United States v. Booker*, 543 U.S. 220 (2005), Chisolm claims this Court improperly treated the Guidelines as mandatory at sentencing.  Chisolm also claims his attorney failed to give him proper advice after sentencing.  Both claims are untimely.

3

A prisoner seeking relief under § 2255 must assert his claims within a year of the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With few exceptions, "[i]f a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003). The prisoner has the burden of showing his claims are timely under at least one of the categories. *See Ramos–Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011) ("A habeas petitioner has the burden of adducing facts sufficient to show . . . that his petition should be treated as timely . . . .").

Chisolm's latter two claims are more than a decade late. Chisolm contends that under § 2255(f)(3), his claims are timely because he filed his § 2255 motion less than a year after the Supreme Court issued *Johnson*. However, as Chisolm acknowledges, timeliness under § 2255(f) is assessed on a claim-by-claim basis. *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam); *Hannigan v. United States*, 131 F. Supp. 3d 480, 487 (E.D.N.C. 2015), *appeal dismissed*, No. 15-4370, 2016 WL 946681 (4th Cir. Mar. 14, 2016) (per curiam). Accordingly, Chisolm cannot use *Johnson* to revive untimely, unrelated claims. Because untimeliness is dispositive, *see Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014) (en banc), the Court rejects Chisolm's second and third claims.

4

### III. Chisolm's Request to Stay

Chisolm asks that, rather than dismiss, the Court stay this matter pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). *Beckles* involves the question of whether *Johnson* invalidates a portion of § 4B1.2(a)'s definition of "crime of violence." As discussed above, that definition played no role in Chisolm's sentence. Because *Beckles* will have no effect here, the Court declines to issue a stay.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's motion to dismiss is **GRANTED**, and Chisolm's § 2255 motion is **DISMISSED** with prejudice. The Court declines to issue a certificate of appealability.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 17, 2016**
**Charleston, South Carolina**

---

2. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.